## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LUIS ORTIZ HERNANDEZ,<br>*Plaintiff* | §<br>§<br>§<br>§ | |
| -vs- | §<br>§<br>§ | SA-22-CV-01069-XR |
| RUTH SARAI ERAZO,<br>*Defendant* | §<br>§<br>§<br>§ | |

## ORDER

On this date, the Court considered Petitioner's Motion for Substituted Service (ECF No. 10) and Motion for Extension of Temporary Restraining Order (ECF No. 12). After careful consideration the motions are **GRANTED**.

## BACKGROUND

This case arises under the Convention on the Civil Aspects of International Child Abduction (the "Hague Convention" or "Convention"), Oct. 24, 1980, T.I.A.S. No. 11670, S. Treaty Doc. No. 99-11, and its implementing legislation, the International Child Abduction Remedies Act ("ICARA"), 22 U.S.C. § 9001 *et seq.* The Hague Conference on Private International Law adopted the Convention in 1980 to address the problem of international child abductions during domestic disputes, such as the one at issue in this case.

Petitioner Luis Ortiz Hernandez ("Ortiz") initiated this action on September 29, 2022, to secure the return of his twenty-month-old son, M.S.O. (the "Child"), who was allegedly removed from Mexico without Petitioner's consent or acquiescence by the Child's mother, Respondent Ruth Sarai Erazo, on October 9, 2021. ECF No. 5. After Petitioner's application for leave to proceed *in*

*forma pauperis* was granted, ECF No. 4, his Original Petition and Request for Return of Minor Child to Petitioner (the "Petition") was filed on October 19, 2022. ECF No. 5.

On the same day, the Court entered an order granting Petitioner's *ex parte* motion for a temporary restraining order (the "TRO") prohibiting Respondent, her agents, and all persons acting in concert with her, from removing the child M.S.O. from the geographic jurisdiction of this Court pending further order of this Court or another United States court or agency. ECF No. 6. The Court set Petitioner's request for a preliminary injunction a hearing on October 31, 2022, and ordered Respondent to appear, with M.S.O., and show cause why the TRO should not be extended beyond its November 2, 2022 expiration date and why M.S.O. should not be returned to Mexico. *Id.* at 9. The Court ordered Petitioner to serve Respondent with a copy of the Petition and the TRO no later than October 21, 2022. *Id.*

Petitioner has attempted service at two addresses for Respondent and learned from the current residents of those addresses that Respondent no longer resides at either address. ECF No. 10-1 at 2–3 (Affidavits of Richard A. Mayen). Petitioner acquired the second potential address by inquiring with the United States State Department case officer assigned to this matter, Elizabeth Brach. Petitioner has also engaged the services of a private investigator, who has been unable to physically locate Respondent. ECF No. 10-2 at 3–4 (letter from private investigator to Petitioner's counsel). Petitioner now seeks to effect substituted service by publication through Facebook Messenger and by email. *See* ECF No. 10.

**DISCUSSION**

I.     **Substituted Service**

A.     **Legal Standard**

"[T]he core function of service is to supply notice of the pendency of a legal action, in a manner and at a time that affords the defendant a fair opportunity to answer the complaint and present defenses and objections." *Henderson v. United States*, 517 U.S. 654, 672 (1996). "A federal court is without personal jurisdiction over a defendant unless the defendant has been served with process in accordance with Federal Rule of Civil Procedure 4." *Naranjo v. Universal Sur. of Am.*, 679 F. Supp. 2d 787, 795 (S.D. Tex. 2010). Federal Rule of Civil Procedure 4(h) permits service of process on a corporation, partnership, or association in the same manner permitted for service on an individual under Rule 4(e)(1). Rule 4(e)(1) in turn allows service by methods under Texas law.

Texas Rule of Civil Procedure 106 permits primary service by personal service or by certified or registered mail, TEX. R. CIV. P. 106(a)(1)–(2), and permits certain methods of substituted service when primary service methods prove unsuccessful, *id.* 106(b). Texas Rule of Civil Procedure 106(b) provides that substituted service may be effected: (1) by leaving a copy of the documents with anyone over sixteen years of age at the location of the defendant's usual place of business or usual place of abode as specified by affidavit, or (2) in any other manner deemed to be reasonably effective to give the defendant notice, including social media, email, or other technology. *Id.* (b)(1)–(2). Nonetheless, Texas law prefers personal service over substituted service because greater reliability inheres in personal service. *Taylor v. State*, 293 S.W.3d 913, 915–16 (Tex. App.–Austin 2009, no pet.). Thus, only after service by one of the two methods provided in Rule 106(a) fails may a court, upon a motion supported by proper affidavit, authorize substituted

service. *State Farm Fire & Cas. Co. v. Costley*, 868 S.W.3d 298. 98-99 (Tex. 1993). That affidavit must:

> [S]tat[e] the location of the defendant's usual place of business or usual place of abode or other place where the defendant can probably be found and stat[e] specifically the facts showing that service has been attempted under either (a)(1) [personal delivery] or (a)(2) [registered or certified mail] at the location named in such affidavit but has not been successful.

TEX. R. CIV. P. 106(b). Substituted service may be authorized only if the supporting affidavit "strictly complies" with Texas Rule 106(b)'s requirements. *Mockingbird Dental Grp., P.C. v. Carnegie*, No. 4:15-cv-404-A, 2015 WL 4231746, at *1 (N.D. Tex. July 10, 2015) (citing *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990)).

When the residence of a party defendant is unknown, or the party defendant is a transient person, and after due diligence, the plaintiff has been unable to locate the party defendant, the court is authorized to issue service of the defendant by publication. *See* TEX. R. CIV. P. 109. Courts have authorized substituted service by publication through social media when the defendant cannot be located by means of a diligent search. *See, e.g.*, *Cothran v. Koomson*, No. 4:20-CV-00481-SDJ-CAN, 2021 WL 9095766, at *3-4 (E.D. Tex. Oct. 6, 2021); *Joe Hand Promotions, Inc. v. Wash That Baby, LLC*, No. MO:21-CV-211-DC-RCG, 2022 WL 2761734, at *3 (W.D. Tex. May 9, 2022); *Chrisenberry v. Ketcher*, No. MO:21-CV-146-DC-RCG, 2022 WL 2762219, at *2 (W.D. Tex. May 18, 2022).

### B.    Analysis

In support of his motion for substituted service, Petitioner points to the affidavits of non-service executed by Richard Mayen, which provide two locations where Respondent could probably be found, including one residence identified by the Secretary of State. *See* ECF No. 10-1. The affidavits further state specific facts showing that personal service has been attempted at

these locations and has not been successful.[1] *See id.* This satisfies the requirements of Rule 106 to authorize substituted service. Thus, the Court must determine what form of substituted service will "be reasonably effective to give the defendant notice" of the claims against him. TEX. R. CIV. P. 106(b).

Because the current residents of the addresses where service was attempted informed the process service that Respondent no longer resides at either address and Petitioner has otherwise been unable to locate her after due diligence through the efforts of his private investigator, the Court concludes that service by publication through social media and email is warranted here. *See* TEX. R. CIV. P. 109; ECF No. 10 at 2–3 (detailing attempts at personal service on Respondent at two separate addresses and unsuccessful efforts of a private investigator to locate Respondent). Petitioner has attached to his motion a sworn declaration confirming that the Facebook and email accounts identified in the motion belong to Respondent and that he has communicated with Respondent through both accounts in the past. ECF No. 10-3, Hernandez Decl.¶¶ 2–3.[2] Together, these forms of substituted service will be reasonably effective to give the Respondent notice of this action and the TRO. TEX. R. CIV. P. 106(b).

---

[1] Rule 106 requires the plaintiff to demonstrate only unsuccessful attempts at personal service or service by mail; it does not require both.

[2] The Supreme Court of Texas directs courts considering substituted service by publication through social media to ask "whether the technology actually belongs to the defendant and whether the defendant regularly uses or recently used the technology." *See* Order Amending Texas Rules of Civil Procedure 106 and 108a, Misc. Docket No. 20-9103 (Tex. Aug. 21, 2020). Other courts have confirmed an account user's identity by comparing locations or businesses associated with both the account and the defendant. *See, e.g.*, *Chrisenberry*, 2022 WL 2762219, at *2 (noting that the process server's affidavit stated that "[t]he social media account indicates that the owner of the social media account lives in Tulsa, Oklahoma. It is this area and surrounding that Levi Ketcher has had his last known addresses."); *Cothran*, 2021 WL 9095766, at *4 ("The copy of said Facebook account identifies Defendant's location as 'Tema, Ghana,' which is proximate to the location where Defendant purportedly received funds as part of the pleaded fraud 'perpetrated primarily through social media communication on Facebook, and email communication'"); *Wash That Baby, LLC*, 2022 WL 2761734, at *2 ("[S]creen shots showing that the Facebook Page with username 'George Ali' identif[y] its owner as the Chief Executive Officer at Alibuck Enterprise, Ltd., the same entity in which Defendant Ali is identified as President [elsewhere in the record]."). Petitioner has confirmed in a sworn declaration that he has communicated with Petitioner through the Facebook account and email address identified in the motion, which is sufficient to establish that the accounts belong to Respondent. ECF No. 10-3 at 2.

II.     **Extension of TRO**

A.     **Legal Standard**

A court may grant a single fourteen-day extension to a temporary restraining order for good cause shown. FED. R. CIV. P. 65(b)(2); *Hill v. Chester White Record Ass'n*, No. 5:21-CV274-M-BQ, 2021 WL 5446511, at *4 (N.D. Tex. Nov. 18, 2021). "Courts have found good cause to extend TROs . . . where the moving party was continuing to attempt to serve the defendants and obtain more information about the case." S.*E.C. v. AriseBank*, No. 3:18-cv-186-M, 2018 WL 10419828, at *1 (N.D. Tex. Mar. 9, 2018) (internal quotation marks and citations omitted). Moreover, where the movant demonstrates "that the grounds for originally granting the temporary restraining order continue to exist," courts have also found good cause. 11A Charles Alan Wright *et al.*, *Federal Practice and Procedure* § 2953 (3d ed. 2021)); *see RA Glob. Servs., Inc. v. Apps*, No. 3:07-CV-1562-L, 2007 WL 9717686, at *1 (N.D. Tex. Sept. 20, 2007) (finding good cause where the circumstances supporting the state court's grant of a TRO had not changed so as to justify a refusal to extend).

B.     **Analysis**

Here, Petitioner has exercised due diligence in attempting to serve Respondent and hiring a private investigator to locate Respondent. In addition, the circumstances supporting the TRO continue to exist. Accordingly, the Court find good cause for extending the TRO for a period of fourteen days to allow for substituted service on Respondent and a hearing on the merits of Petitioner's request for injunctive relief.

**CONCLUSION**

For the foregoing reasons, Plaintiff's Motion for Substituted Service (ECF No. 10) and Motion for Extension of Temporary Restraining Order (ECF No. 12) are **GRANTED**.

Service on Respondent Ruth Sarai Erazo shall be made by sending a true copy of the Summons, the Petition, the TRO, and this Order to the Facebook Messenger account associated with her profile (https://www.facebook.com/people/Sarai-Erazo/100074128955085) and to her email address (sarai95erazo@gmail.com). Petitioner shall file proof of service **no later than November 14, 2022**, or seek an extension of time to do so.

It is further **ORDERED** that:

1. The temporary restraining order entered on October 19, 2022 (ECF No. 6), is hereby extended to **Wednesday, November 16, 2022** at **5:00 p.m.**

2. A hearing on Petitioner's Request for Preliminary Injunction is set for **Tuesday, November 15, 2022**, at **3:00 p.m.** in Courtroom H, United States Courthouse, 262 West Nueva, San Antonio, Texas 78207. At the hearing, Respondent must personally appear with M.S.O., and show cause why the temporary restraining order should not be further extended, as well as why M.S.O. should not be returned to Mexico. The Court will consolidate a trial of the case on the merits with the hearing of application for preliminary injunction. *See* FED. R. CIV. P. 65(a); *John v. State of La. (Bd. of Trs. for State Colls. & Univs.)*, 757 F.2d 698, 704 (5th Cir. 1985).

It is so **ORDERED**.

**SIGNED** this 31st day of October, 2022.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE