IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LUIS ORTIZ HERNANDEZ,<br>*Plaintiff* | § § § § | |
| -vs- | § § | SA-22-CV-01069-XR |
| RUTH SARAI ERAZO,<br>*Defendant* | § § § § | |

## ORDER DENYING MOTION TO STAY JUDGMENT PENDING APPEAL

On this date, the Court considered Respondent Ruth Sarai Erazo's Motion to Stay Enforcement of Judgment and Suspend Injunctive Relief Pending Consideration of Respondent's Post-Judgment Motions and Appeal (ECF No. 34). After careful consideration, the motion is **DENIED**.

### BACKGROUND

This case arises under the Convention on the Civil Aspects of International Child Abduction (the "Hague Convention" or "Convention"), Oct. 24, 1980, T.I.A.S. No. 11670, S. Treaty Doc. No. 99-11, and its implementing legislation, the International Child Abduction Remedies Act ("ICARA"), 22 U.S.C. § 9001 *et seq*. The Hague Conference on Private International Law adopted the Convention in 1980 to address the problem of international child abductions during domestic disputes, such as the one at issue in this case.

Petitioner Luis Ortiz Hernandez ("Ortiz") initiated this action to secure the return of his son, M.S.O. (the "Child"), who was allegedly removed from Mexico without Petitioner's consent or acquiescence by the Child's mother, Respondent Ruth Sarai Erazo ("Erazo"), on October 9, 2021. ECF No. 5.

Ortiz commenced this action on September 29, 2022, seeking leave to proceed *in forma pauperis*. ECF No. 1. After his IFP motion was granted (ECF No. 4), Ortiz's Original Petition and Request for Return of Minor Child to Petitioner ("Petition") was filed on October 19, 2022 (ECF No. 5). On the same day, the Court entered an order granting Petitioner's *ex parte* motion for a temporary restraining order ("TRO") prohibiting Erazo, her agents, and all persons acting in concert with her from removing the Child from the geographic jurisdiction of this Court pending further order of this Court or another United States court or agency. ECF No. 6. The Court set Ortiz's request for a preliminary injunction for a hearing on October 31, 2022, and ordered Erazo to appear, with M.S.O., and show cause why the TRO should not be extended beyond its November 2, 2022 expiration date and why M.S.O. should not be returned to Mexico. *Id.* at 9. The Court extended the TRO twice—first, to allow additional time for service on Erazo and then, to allow Erazo additional time in which to respond to the Petition and prepare for the preliminary injunction hearing. *See* ECF No. 14; Text Order dated Nov. 11, 2022.

Erazo filed an answer to the Petition on December 27, 2022, asserting that the Child was not wrongfully removed because Petitioner had consented to—and even helped organize—M.S.O.'s removal to the United States. *See* ECF No. 19 ¶¶ 14–15. According to Erazo, she and Ortiz had arranged to move their family to the United States, with Erazo and M.S.O. crossing into the United States first, to be followed by Ortiz. Erazo's answer further asserts that the Child should not be returned to Mexico because the Petition was not filed in this case until over a year after M.S.O.'s removal and the Child is now well settled in his new environment. *Id.* ¶ 25.

On January 5, 2023, the Court held a consolidated injunction and merits hearing at which Ortiz and Erazo appeared and presented arguments concerning the propriety of M.S.O.'s return to Mexico. *See* ECF No. 22; *see also* FED. R. CIV. P. 65(a); *John v. State of La. (Bd. of Trs. for State*

2

*Colleges & Univs.)*, 757 F.2d 698, 704 (5th Cir. 1985). Petitioner appeared remotely at the hearing by videoconference. Erazo appeared in-person, along with one supporting witness: Erazo's aunt, Telma Marilu Chinchilla Reyes ("Reyes"), with whom Erazo and the Child have been living since their arrival in the United States. The parties subsequently filed letter briefs in support of their respective positions. *See* ECF Nos. 23, 25, and 27.

On February 28, the Court issued an order granting the Petition and ordering that M.S.O. be promptly and safely returned to Ortiz's custody in Mexico. *Hernandez v. Erazo*, No. SA-22-CV-01069-XR, 2023 WL 2317792, at *9 (W.D. Tex. Feb. 28, 2023). Thereafter, Erazo moved to amend the Court's judgment by merely ordering that the M.S.O. be returned to Mexico without requiring that he be returned to Ortiz's custody, reasoning that neither the Hague Convention nor ICARA authorizes the Court to make custody determinations. *See* ECF No. 33 at 2–3 (citing *England v. England*, 234 F.3d 268, 271 (5th Cir. 2000) ("Any debate on the merits of the question, i.e. of custody rights, should take place before the competent authorities in the State where the child had its habitual residence prior to its removal.") and *Abbott v. Abbott*, 560 U.S. 1 (2010) (custodial decisions are to be left to the courts of the country of habitual residence)). The Court granted in part and denied in part the motion by issuing an amended and restated order clarifying that nothing in the order should be read to constitute a final or permanent award of physical or legal custody over M.S.O., a determination that must be made in Mexico after M.S.O.'s return. *See* ECF No. 35 at 16–17.

Erazo now seeks a stay pending appeal, arguing that she is likely to succeed—or has at least presented a substantial case—on the merits of her appeal, that she and M.S.O. would be irreparably harmed by the Child's return to Mexico while Ortiz would not, and that a stay would serve the public interest. ECF No. 34.

**DISCUSSION**

A district court has inherent authority to manage its docket, including the power to stay proceedings. *Whole Woman's Health v. Hellerstedt*, No. A-16-CA-1300-SS, 2017 WL 5649477, at *1 (W.D. Tex. Mar. 16, 2017) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). The moving party bears a "heavy burden" of demonstrating that a stay is appropriate. *Coastal (Bermuda) Ltd. v. E. W. Saybolt & Co.*, 761 F.2d 192, 203 n. 6 (5th Cir. 1985).

Courts consider four factors in determining whether to grant a stay pending appeal: "(1) whether the stay applicant has made a strong showing that he or she is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Veasy v. Perry*, 769 F.3d 890, 892 (5th Cir. 2014). The first two factors of the traditional standard are the most important, *id.*, but "where there is a serious legal question involved and the balance of the equities heavily favors a stay . . . the movant only needs to present a substantial case on the merits." *Weingarten Realty Inv'rs v. Miller*, 661 F.3d 904, 910 (5th Cir. 2011); *see also Ruiz v. Estelle*, 666 F.2d 854, 856-57 (5th Cir. 1982). Above all, a stay is "an exercise of judicial discretion" and the propriety of a stay depends on the individualized circumstances of the particular case. *Ind. State Police Pension Tr. v. Chrysler LLC*, 556 U.S. 960, 961 (2009).

Respondent has made neither a "strong" nor a "substantial" case on the merits of her appeal. Because both parties failed at trial to present any documentary evidence, the Court's findings of fact relied exclusively on testimony by Ortiz, Erazo, and Reyes and its determinations as to their credibility. With respect to Erazo's consent defense, Erazo correctly notes that the Court did not find Ortiz's testimony that he never consented to M.S.O.'s removal to be credible. *See* ECF No.

4

34 at 2–3. However, in disbelieving Ortiz's account, the Court was not automatically required to enter judgment in Erazo's favor, especially since it was her burden at trial to establish by a preponderance of the evidence that Ortiz had unconditionally consented to M.S.O.'s permanent removal to the United States. *See* 42 U.S.C. § 11603(e)(2). Indeed, in concluding that Ortiz's consent to M.S.O.'s removal was conditioned on his ability to join M.S.O. and Erazo in the United States, the Court relied on Erazo's testimony that Ortiz planned to join his family in the United States. *Erazo*, 2023 WL 2317792, at *6 (citing Hr'g Tr. at 75:2–10, 92:5–10, 84:11–85:7). As to Erazo's defense that M.S.O. is now well settled in the United States, the motion improperly suggests that the Court accorded dispositive weight to her immigration status. It did not. The Court considered and weighed all of the relevant factors and concluded that M.S.O. had not formed significant connections to his new environment such that he should remain in the United States. *Id.* at *8–9.

Even assuming that Erazo's appeal presented a serious legal question, the balance of the equities does not favor a stay in this case. The Supreme Court's decision in *Chafin v. Chafin* confirms that Erazo will not be irreparably harmed by the execution of the Court's return order in this case. 568 U.S. 165, 178 (2013). Indeed, in concluding that the return of a child to his country of habitual residence does *not* render the underlying controversy moot, *Chafin* explicitly recognized the harm that an unnecessary stay can cause to the child:

> In cases in which a stay would not be granted but for the prospect of mootness, a child would lose precious months when she could have been readjusting to life in her country of habitual residence, even though the appeal had little chance of success. Such routine stays . . . would conflict with the Convention's mandate of prompt return to a child's country of habitual residence.

*Id.*; *see also id.* at 179–80 ("Cases in American courts often take over two years from filing to resolution; for a six-year-old such as E.C., that is one-third of her lifetime."). Likewise,

5

Ortiz has already been injured by the loss of his child, and a stay premised on Erazo's unpromising appeal would only further harm his interests.

Finally, the relief that the Court has awarded is explicitly authorized by the Hague Convention, an international treaty ratified between Mexico, the United States, and the other contracting states, and contemplated by federal law. *Saldivar v. Rodela*, 879 F. Supp. 2d 610, 616 n.5 (W.D. Tex. 2012); 22 U.S.C. § 9004. Because enforcing the Hague Convention is consonant with international and federal law, the Court concludes that the public interest would be served by M.S.O.'s return to Mexico. *See also Chafin*, 568 U.S. at 179 ("If losing parents were effectively guaranteed a stay, it seems likely that more would appeal, a scenario that would undermine the goal of prompt return and the best interests of children who should in fact be returned. A mootness holding here might also encourage flight in future Hague Convention cases, as prevailing parents try to flee the jurisdiction to moot the case.").

Because Erazo has not established that the equities weigh "heavily" in favor of a stay, she must make a strong showing that she will succeed on appeal. *Veasy*, 769 F.3d at 892 *Miller*, 661 F.3d at 910. Without more, her mere disagreement with the Court's determinations as to credibility and the weight of the evidence does not constitute a strong showing that she will succeed on appeal.

## CONCLUSION

For the foregoing reasons, Respondent Ruth Sarai Erazo's Motion to Stay Enforcement of Judgment and Suspend Injunctive Relief Pending Consideration of Respondent's Post-Judgment Motions and Appeal (ECF No. 34) is **DENIED**.

It is so **ORDERED**.

**SIGNED** this 4th day of April, 2023.

                                              _____

                                              XAVIER RODRIGUEZ
                                              UNITED STATES DISTRICT JUDGE